UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

MICHAEL MCCOY, on his own behalf
and on behalf of all others similarly situated,

    Plaintiff,
v.

SANDALS RESORTS INTERNATIONAL,
LTD., d/b/a Sandals, UNIQUE VACATIONS,
INC. d/b/a/ Unique Vacations,

    Defendants.
_____/

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael McCoy, individually and on behalf of a putative class of others similarly situated, file this Class Action Complaint against Defendants, SANDALS RESORTS INTERNATIONAL LTD. d/b/a Sandals, and UNIQUE VACATIONS, INC. d/b/a/ Unique Vacations and/or Unique Travel, and for good cause alleges:

## NATURE OF THE ACTION

1. This Class Action lawsuit seeks damages for current and former guests at Sandals' resorts throughout the Caribbean, including, but not limited to: Turks and Caicos Islands, Antigua, Barbuda, and St. Lucia, who were charged a local government "tax" and/or deceived into paying such tax (in whole or in part) that was, in fact, being secretly retained by Defendants for their own use, benefit and profit, within the applicable limitations period.

2. The Defendants' marketing structure presents consumers with a single price for a vacation package, while representing that all taxes are included in that price, while further representing in the terms and conditions that the price is "subject to change at any time due to the imposition of taxes or other government charges." This marketing structure gives the net impression that Defendants collect from customers the actual taxes owed on the purchase of their vacation packages, which are then passed through to the government. This overall impression is false, and is likely to deceive objective consumers due to the Defendants' various omissions. This

false impression is compounded by the fact that many other resorts in the region specifically itemize the taxes that are being collected, something Defendants refuse to do.

3. Defendants never disclose that they only remit a percentage of the amounts they collect as "taxes" from the consumers to the government, illegally retaining the rest for themselves. Attached as Exhibit A is correspondence dated October 17, 2013, from the Ministry of Finance of Turks and Caicos Islands to Gordon "Butch" Stewart, the founder and Chairman of Sandals and Beaches resorts, in which the Minister for Finance reassures Mr. Stewart that certain tax decisions made by the Ministry of Finance "was not aimed at targeting" the 40% of the accommodation tax retained by Defendants, "which remains untouched by this measure." Also attached as Exhibit B is a copy of a Deed of Release and Settlement of Claim between Defendants and the Antigua and Barbuda government, which evidences the secret agreement that allowed Defendants to retain $37,500,000.00 in tax funds collected from consumers, but which Defendants instead retained. Such arrangements are referred to in this Complaint as a "Tax Retention Agreement."

4. Defendants further omit that they collect certain taxes for guests under 12-years-old, which is prohibited under the applicable law. Indeed, Defendants admit that they have collected this illegal tax for guests under 12-years-old in that they have recently filed a lawsuit seeking a refund from the Turks and Caicos government for the portion of that illegal tax they collected from guests under 12-years-old and remitted to the government.[1] Attached as Exhibit C is a copy of Sandals' complaint against the Turks and Caicos government. This complaint refers to such a prohibition as a "Child Tax Prohibition."

5. Florida courts have found that such conduct is actionable under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, Florida Statutes ("FDUTPA"), even where the overcharges are entirely concealed through the Defendants' deceptive marketing practices. *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 702–03 (Fla. 3d DCA 2000) (finding an actionable FDUTPA claim where cruise line secretly retained a portion of funds collected from consumers as "pass-through" port charges, even where consumers were only given the total cruise prices, rather than a breakdown of the separate charges). This Court has also found that similar conduct is actionable under FDUTPA. *Bowe v. Public Storage*, 106 F.Supp.3d 1252,

---

[1] Jelski, Christina. "Sandals sues Turks and Caicos government over tax dispute." *Travel Weekly*. March 18, 2019. https://www.travelweekly.com/Travel-News/Hotel-News/Sandals-sues-Turks-and-Caicos-government-over-tax-dispute (last accessed June 7, 2019).

*Michael McCoy v. Sandals Resorts International, LTD., et al.*
*Class Action Complaint and Demand for Jury Trial*

1258–59, 1270 (S.D. Fla. 2015) (finding that "a reasonable fact finder could find it was a deceptive practice for [defendant] to represent that [certain charges] would be 'passed through' to [a third party] and then secretly retain a portion of the [charge] for itself.").

6. Plaintiff accordingly seeks relief for himself and on behalf of a putative nationwide class and subclass of other similarly situated consumers who purchased vacation packages from Defendants under FDUTPA, as well as for unjust enrichment.

## JURISDICTION AND PARTIES

7. Plaintiff Michael McCoy is, and at all material times was, an individual who resides in and is a citizen of New York. McCoy is over the age of 18 and is *sui juris*. McCoy, his wife and 2 minor children were charged and paid for an unfair, deceptive and fraudulent tax by Defendants during seven separate stays at Sandals Resorts in 2013, 2014, and 2016–2019.

8. Defendant SANDALS RESORTS INTERNATIONAL, LTD., d/b/a Sandals ("SRI") is a corporation incorporated under the laws of Jamaica but doing business in Florida and is otherwise subject to suit in Miami Dade County, Florida. SRI is the owner and operator of 19 resorts located throughout the Caribbean.

9. Defendant UNIQUE VACATIONS, INC. d/b/a/ Unique Vacations and/or Unique Travel ("Unique") is a Delaware corporation with its principal place of business in Miami, Florida. Defendant Unique is the sales, marketing and public relations arm of SRI.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this is an action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different from any Defendant.

11. The matter in controversy exceeds the required amount, exclusive of interest and costs, and is a class action brought under this Honorable Court's jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

12. At all times material, SRI is subject to the personal jurisdiction of this court as follows:

    a. Defendants SRI and Unique do not manifest separate corporate interests of their own. Rather, these entities function solely to achieve the purpose of the dominant corporation SRI;

    b. At all times material hereto, Unique acted on behalf of SRI;

    c. At all times material hereto, Unique pays all or a majority of the salaries of the employees of SRI;

    d. At all times material hereto, SRI's revenue is derived entirely and/or substantially from their business with Unique;

    e. At all times material hereto, Unique and SRI share owner(s), managing direct(s), board of director(s), and/or employee(s);

        i. Chief Executive Officer of SRI, Gebhard Rainer, oversees the day-to-day activities of all Sandals and Beaches resorts from Unique's headquarters in Miami, Florida.[2]

        ii. Unique's Director of Operations & Revenue Strategy, William Tullman, "oversees operations, products and global revenue strategy for 20 luxury Caribbean resorts under the Sandals, Beaches and Grand Pineapple brands" from Unique's headquarters in Miami, Florida.[3]

    f. SRI, either personally or through Unique, operates, conducts, engages in and/or carries on a business or business venture in Florida based on:

        i. Its office or agency location in Florida, to-wit: Unique, whose address is 4950 SW 72 Avenue, Miami, FL 33155, which displays a Sandals' sign (Trademark owned by SRI; U.S. Trademark Registration No. 1614295) and Beaches sign (Trademark owned by SRI; Serial Number 78359633) for public view at that address (photograph depicted below), coordinates all marketing and group sales for SRI, and lists as its telephone number (800) SANDALS at the above address in Miami, Florida;



---

[2] *See* Gebhard Rainer's Linkedin, (May 1, 2019), https://www.linkedin.com/in/gebhardrainer/.
[3] *See* William Tullman's Linkedin, (May 1, 2019), https://www.linkedin.com/in/william-tullmann-crme-c-dir-2a75b5100/.

    ii. Marketing of vacation packages to Florida Travel agents through its world-wide marketing agent, Unique;

    iii. The international, interactive booking website, *http://www.sandals.com,* which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SRI and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(1)(a);

g. The all-inclusive vacation package, including the disputed subject tax, is marketed to people in Florida (and across the United States and worldwide) and sold to people in Florida (and across the United States and worldwide), including Plaintiff and other guests similarly situated, causing injury that arose out of SRI and/or Unique's deceptive and unfair trade practices;

h. SRI and Unique, are and were at all material times engaged in substantial and not isolated interstate activity in Florida, especially through SRI's website, *http://www.sandals.com,* which allows Florida, U.S. and worldwide persons to make reservations for hotels and resorts owned, operated, managed and/or controlled by SRI and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(2);

i. SRI sells or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms or corporations in Florida and, therefore, are conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida pursuant to Fla. Stat. § 48.181(3);

j. SRI has purposefully availed itself to the privileges and benefits of courts in Florida as it has repeatedly initiated claims in this district, *see Sandals Resorts International (LTD) v. Brais and Associates (PA)*, Case No. 2011-012041-CA-01 (Fla. Cir. 2012); *Sandals Resorts International 2000 Ltd. v. Smarter Travel Media LLC,* Case No. 1:12-cv-20581-JAL (S.D. Fla. Feb. 13, 2012), and defended claims within this district court without contesting personal jurisdiction. *See Hoy v. Sandals Resorts Intern., Ltd.,* Case No. 11–24580–CIV, 2013 WL 6385019 (S.D. Fla. Dec. 6, 2013); *Lugones v. Sandals Resorts, Inc.*, 875 F.Supp. 821 (S.D. Fla. 1995).

13. At all times material, Unique is subject to the personal jurisdiction of this court as follows:

   a. Unique, either personally or through its agents, operates, conducts, engages in and/or carries on a business or business venture in Florida based on:

      i. Its corporate headquarters are located in Florida at 4950 SW 72 Avenue, Miami, FL 33155;

      ii. Coordinating all marketing and group sales for SRI and, in fact, coordinated all travel arrangements for Plaintiff and others similarly situated in the United States, and lists as its telephone number (800) SANDALS at the above address in Miami, Florida;

      iii. The international, interactive booking website, *http://www.sandals.com,* which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SRI and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(1)(a);

   b. Unique sells or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms or corporations in Florida and, therefore, are conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida pursuant to Fla. Stat. § 48.181(3).

14. Alternatively, at all times material, Unique acted as the owner or co-owner, operator or co-operator and/or manager or co-manager of SRI's resorts, including, but not limited to, Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados by undertaking the responsibility of:

   a. Hiring employees, contractors, and agents working at the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados;

   b. Training of employees, contractors, and agents working at the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados;

   c. Supervision of employees working at the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados; and/or

*Michael McCoy v. Sandals Resorts International, LTD., et al.*
*Class Action Complaint and Demand for Jury Trial*

    d. Overseeing the finances and billing of the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados, including collecting and distributing the subject fraudulent tax.

15. Defendants SANDALS RESORTS INTERNATIONAL LTD. d/b/a Sandals, UNIQUE VACATIONS, INC. d/b/a/ Unique Vacations, are herein collectively referred as to "Defendants" or "Sandals."

16. Defendants are subject to the jurisdiction of the Courts of this state.

17. The instant action has a substantial connection to Florida. The vacation packages which included the fraudulent and deceptive tax were created, marketed, viewed and sold in Florida and across the United States, and worldwide.

## COMMON ALLEGATIONS

18. At all times material hereto, Defendants were each agents, servants, employees and/or representatives of each other and acted within the course and scope of their employment and/or agency and/or acted for a common purpose or as part of a joint venture.

19. Plaintiff brings this Class Action lawsuit on behalf of himself and all current and former guests at all Sandals' resorts located in a country with which Sandals has a Tax Retention Agreement, including but not limited to: Turks and Caicos Islands, St. Lucia, Antigua, and Barbuda, who were charged a local government tax and/or deceived into paying such tax that in whole or in part was secretly retained by Sandals for their own use and benefit. This fraudulent and deceptive practice has been ongoing for decades.

20. At all times material, it is represented to the public and Plaintiff and others similarly situated that the 'all inclusive' packages include "all taxes." The way the charges were presented to the guests was described in a deceptive way by labeling the charge(s) as a local government tax, when in fact Sandals was instead charging more money for the room.

21. The term "tax" necessarily constitutes a representation to a reasonable consumer that it is a "pass-through" charge, imposed by the government, which Sandals will collect from the consumer and then pay to the respective government.

22. As an example, all guests of Beaches Turks & Caicos have been charged and paid a 12% accommodation tax. Unknown to Plaintiff and others similarly situated is the existence of a Tax Retention Agreement between Sandals and the Turks and Caicos government permitting Sandals to retain a significant percentage of such taxes for its own use and benefit instead of

remitting the monies to the government. *See* Ex. A. These tax charges are used to generate extra profit at the expense of Plaintiff and others similarly situated, who were deceived into believing the fees are legitimate charges directly related to Sandals' owed and paid taxes to the government. In fact, the fees are nothing but profit-enhancers disguised as taxes that have a legitimate purpose, constituting a violation of the FDUPTA.

23. Additionally, Turks and Caicos law contains a Child Tax Prohibition, which prohibits the accommodation tax being collected from anyone under 12-years-old. All guests under 12-years-old at the Beaches Turks & Caicos resort were fraudulently charged the 12% accommodation tax by Sandals, also thereby constituting a violation of FDUPTA.

24. Furthermore, all guests of the Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados resorts were charged and paid a 12.5% sales tax by Sandals in every case before January 1, 2017. Unknown to Plaintiff and others similarly situated is the existence of a Tax Retention Agreement between Sandals and the Antigua and Barbuda government permitting Sandals to retain a significant percentage of such taxes for its own use and benefit instead of remitting the monies to the government. These deceptive charges are used to generate extra profit at the expense of Plaintiffs and others similarly situated, who are deceived into believing the fees are legitimate charges directly related to Sandals' taxes to the government. The deceptive taxes are nothing but profit-enhancers disguised as government fees with a legitimate purpose, constituting a violation of FDUPTA.

25. Sandals and the government of Antigua and Barbuda signed a Deed of Release and Settlement of Claim under which the government agreed to accept the payment of $1 East Caribbean Dollar ("EC") in full satisfaction of unpaid Antigua and Barbuda sales tax totaling EC$101,424,448.54 (US$37,500,000.00) up to December 31, 2016. *See* Ex. B. Because the government stipulated to not collect the $37.5 million and Sandals retained such monies, Plaintiff and others similarly situated are entitled to these monies as it relates to the taxes they were fraudulently and deceptively charged. These concealed, extra profits came at the direct expense of Plaintiff and others similarly situated, constituting a violation of FDUPTA, and an actionable unjust enrichment claim.

26. Reliance and damages, while not necessary to establish the claims, are sufficiently demonstrated by the fact that the guests parted with the money for what should have been a "tax" administered to the government, but Sandals retained a large percentage (if not all) of the money.

27. At all material times, Sandals markets that its resorts are an all-inclusive package to its customers, including taxes, but conceals that a portion of the taxes is retained by Sandals, rather than being passed through to the government. Therefore, class members are paying inflated amounts for their vacations based upon Defendants' material omissions.

28. By bundling the fees, taxes, and other charges into the all-inclusive package, Sandals can conceal the fact that consumers were being vastly overcharged for the all-inclusive resort package due to the agreement to retain a large portion of the taxes.

29. In short, Sandals has, through fraud, deception, omission and/or concealment, engaged in a pattern of unlawful profiteering, deceit, and self-dealing by charging a local government tax and omitting that it is retaining a large percentage of such pursuant to a Tax Retention Agreement. To this precise point, the Third District Court of Appeal of Florida expressly stated that facts nearly identical would amount to an actionable claim under FDUTPA:

> Suppose that a company systematically overcharges its customers on sales tax. The hypothetical company pays the state the sales tax that it owes, and then keeps the overcharge for itself. **We would not hesitate to say that an intentional overcharge of sales tax, which is kept by the company itself, is an unfair and deceptive trade practice and that the consumer must be repaid**. That is so even though the consumers clearly were willing to pay the price charged-in the hypothetical example, they actually paid the sales tax overcharges-nor would it make a difference that the consumers paid no attention to the sales tax amount. We think such a claim would be actionable under FDUTPA.

*See Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) (holding that it is a deceptive trade practice under FDUTPA where the defendant bills plaintiffs for port charges but keeps part of the money for itself—regardless of whether the port charge was separately itemized) (emphasis added).

## CLASS ACTION ALLEGATIONS

**A. Class Definitions**

30. Plaintiff brings this Complaint as a class action pursuant to Federal Rule of Civil Procedure 23.

31. Plaintiff brings this action against Sandals and Unique Vacations on behalf of themselves and all other persons similarly situated. Plaintiff seeks to represent the following nationwide class and subclass:

> All persons and entities in the United States who, within the applicable limitations period, purchased a vacation package from a Sandals or Beaches Resort located in

a country where Sandals has a Tax Retention Agreement. Excluded from this class are Sandals, Unique Vacations, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees, and the Court and its staff (the "Tax Retention Agreement Class")

All persons and entities in the United States who, within the applicable limitations period, purchased a vacation package from a Sandals or Beaches Resort located in a country with a Child Tax Prohibition for a child who was within the age to which the Child Tax Prohibition applied at the time of purchase. Excluded from this class are Sandals, Unique Vacations, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees, and the Court and its staff (the "Child Tax Prohibition Subclass")

32. The Tax Retention Agreement Class and Child Tax Prohibition Subclass are collectively referred to herein as the "Classes." Plaintiff reserves the right to modify or amend the definition of the proposed Classes as discovery progresses.

33. Sandals subjected Plaintiff and the members of the Classes to the same unjust, fraudulent and deceptive practices and harmed them in the same manner. The conduct described above was Sandals' uniform business practice at all its resorts, including but not limited to, Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados.

### B. Numerosity

34. The exact number of members of the Classes is unknown at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Sandals and their agents. Upon information and belief, the number of members for the putative Classes exceed 10,000 members. The Classes are so numerous that joinder of all members is impracticable. This action satisfies the requirements of Rule 23(a)(1).

### C. Commonality/Predominance

35. There are common questions of law and fact that relate to and affect the rights of each member of the Classes and the relief sought is common to the entire Tax Retention Agreement Class and Child Tax Prohibition Subclass. The same misconduct on the part of Sandals caused the same or similar injury to each Classes member. All class members seek damages under FDUTPA, codified at Sections 501.201*, et seq.*, of the Florida Statutes, and under unjust enrichment. Accordingly, this action satisfies the requirement of Rule 23(a)(2).

36. These common questions predominate over any questions solely affecting individual Classes members, including, but not limited to, the following:

a. Whether Sandals engaged in a deceptive and unfair practice by concealing and/or omitting its disclosure of its Tax Retention Agreement with the local government to retain a large percentage of the tax it charges all customers;

b. Whether Sandals retained a portion of the charged governmental tax on every customer's bill;

c. Whether Sandals' retention of a portion of the charged governmental tax on every customer's bill was deceptive;

d. Whether Sandals charged governmental tax to guests who purchased a vacation package from a Sandals or Beaches Resort located in a country with a Child Tax Prohibition for a child who was within the age to which the Child Tax Prohibition applied at the time of purchase;

e. Whether and to what extent Sandals' conduct has caused injury to the Plaintiff and the other members of the Classes;

f. Whether Sandals has misrepresented facts about the local government tax;

g. Whether Sandals has been unjustly enriched by charging the local government tax and retaining a portion of such.

### D. Typicality

37. Plaintiff is a member of the Classes he seeks to represent. Plaintiff's claims are typical of the respective Tax Retention Agreement Class and Child Tax Prohibition Subclass claims because of the similarity, uniformity, and common purpose of Sandals' challenged misconduct. Each class member has sustained, and will continue to sustain, damages in the same manner as Plaintiff as a result of Sandals' challenged practices. Accordingly, this action satisfies the requirements of Rule 23(a)(3).

### E. Adequacy of Representation

38. Plaintiff is the representative party for the Tax Retention Agreement Class and Child Tax Prohibition Subclass, and is able to, and will, fairly and adequately protect the interests of the class. There is no conflict or hostility between Plaintiff and other members of the Classes with respect to this action, or with respect to the claims for relief herein. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, highly experienced in litigation of this nature, to represent him. To prosecute this case, Plaintiff has chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs

and legal issues associated with this type of consumer class litigation. Plaintiff anticipates no difficulty in the management of this litigation as a class action. Accordingly, this action satisfies the requirement of Rule 23(a)(4).

**F. Requirements of Fed. R. Civ. P. 23(b)**

39.   This action is properly maintained as a class action under Rule 23(b)(3) inasmuch as questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy. In support of the foregoing, Plaintiff alleges that common issues predominate and can be determined on a class-wide basis regarding Sandals' unfair, unlawful, and deceptive practice of retaining a large percentage of a government tax charged to every customer.

40.   A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

   a. Joinder of all Classes members would create extreme hardship and inconvenience for the affected customers as they reside throughout the country;

   b. Individual claims by Classes members are impractical because the costs to pursue individual claims exceed the value of what any single Classes member has at stake. As a result, individual Classes members have no interest in prosecuting and controlling separate actions;

   c. There are no known individual Classes members who are interested in individually controlling the prosecution of separate actions;

   d. The interests of justice will be well served by resolving the common disputes of potential Classes members in one forum;

   e. Individual suits would not be cost effective or economically maintainable as individual actions; and

   f. The action is manageable as a class action.

**G. Requirements of Fed. R. Civ. P. 23(b)(1) & (2)**

41.   Prosecuting separate actions by or against individual Classes members would create a risk of inconsistent or varying adjudications with respect to individual Classes members that would establish incompatible standards of conduct for the party opposing the Classes.

42. Sandals acted, or failed to act, in a manner applicable to the entire Tax Retention Agreement Class and Child Tax Prohibition Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief regarding the entire Tax Retention Agreement Class and Child Tax Prohibition Subclass.

## COUNT I

### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1–42 as though alleged originally herein and further alleges:

43. FDUTPA, section 501.201, *et seq.*, Florida Statutes, prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

44. At all times material, Sandals conducted trade and commerce within the meaning of Section 501.203, Fla. Stat.

45. At all times material, Plaintiff and all members of the Tax Retention Agreement Class were consumers within the meaning of Section 501.203, Fla. Stat., and are entitled to relief under FDUTPA in accordance with Section 501.211, Fla. Stat.

46. At all times material, Sandals fraudulently, willfully, and/or negligently misrepresented and/or omitted in their bills and other communications to their guests that a local government tax charged to each guest was paid in full, when in fact, Defendants secretly retained a large portion of said tax pursuant to a Tax Retention Agreement.

47. At all times material hereto, the above actions by Sandals are unethical, oppressive, unscrupulous, substantially injurious to consumers, and offends public policy such that it constitutes an unfair method of practice.

48. The above actions by Sandals are also deceptive in that consumers acting reasonably under the circumstances (like the Plaintiff) paid amounts to Sandals under the guise that they are taxes to be passed through to the government, but instead portions of those amounts collected were kept by Sandals as an illegal profit center.

49. At all times material, Sandals engaged in actionable schemes and courses of conduct through one or more of the unfair and deceptive acts and practices:

   a. Failing to adequately disclose to Plaintiffs and others similarly situated the excessive amount Sandals charges for taxes;

    b. Representing that the charged percentage tax is paid to the local government when in fact a large percentage of the tax is retained as a profit enhancer;

    c. Failing to adequately disclose Tax Retention Agreements between Sandals and the local governments, including but not limited to Turks and Caicos, Antigua and Barbuda, pursuant to which Sandals retained a large percentage of the collected tax amount from guests.

50. The concealment and omissions of material facts and deceptions alleged in the foregoing paragraphs occurred in connection with Sandals' continuous and systematic trade and commerce in Florida, across the United States and worldwide.

51. Plaintiff and the other members of the Tax Retention Agreement Class have sustained actual damages in the form of Sandals' deceptive tax scheme as a direct and proximate result of Sandals' unfair and unconscionable practices. Section 501.211(2), Florida Statutes, provides Plaintiff and the other members of the Tax Retention Agreement Class a private right of action against Sandals and entitles them to recover their actual damages, plus attorneys' fees and costs.

52. Defendants are still utilizing many of the deceptive acts and practices described above. Plaintiff and the other members of the Tax Retention Agreement Class have suffered and will continue to suffer irreparable harm if Defendants continue to engage in such deceptive, unfair, and unreasonable practices. Section 501.211(1) entitles Plaintiff and the Tax Retention Agreement Class to obtain declaratory and injunctive relief to put an end to Defendants' unfair and deceptive scheme.

**WHEREFORE**, Plaintiff, on behalf of himself and the Tax Retention Agreement Class, demands judgment against Sandals for compensatory damages, pre- and post-judgment interest, attorney's fees, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT II
**VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1–42 as though alleged originally herein and further allege:

53. FDUTPA, section 501.201, *et seq.*, Florida Statutes, prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

54. At all times material, Sandals conducted trade and commerce within the meaning of Section 501.203, Fla. Stat.

55. At all times material, Plaintiff and all members of the Child Tax Prohibition Subclass were consumers within the meaning of Section 501.203, Fla. Stat., and are entitled to relief under FDUTPA in accordance with Section 501.211, Fla. Stat.

56. At all times material, Sandals fraudulently, willfully, and/or negligently misrepresented and/or omitted (1) that a tax was being charged to guests who purchased a vacation package from a Sandals or Beaches Resort located in a country with a Child Tax Prohibition for a child who was within the age to which the Child Tax Prohibition applied at the time of purchase, and (2) that Sandals was retaining all or a portion of that tax.

57. As an example, Sandals' practice of charging the accommodation tax to a vacation package purchased for a guest that is under 12-years-old is prohibited pursuant to Turks and Caicos Islands law.

58. At all times material hereto, the above actions by Sandals are unethical, oppressive, unscrupulous, substantially injurious to consumers, and offends public policy such that it constitutes an unfair method of practice.

59. The above actions by Sandals are also deceptive in that consumers acting reasonably under the circumstances (like the Plaintiff) paid amounts to Sandals under the guise that they are taxes to be passed through to the government, but instead portions of those amounts collected were kept by Sandals as an illegal profit center.

60. The concealment and omissions of material facts and deceptions alleged in the foregoing paragraphs occurred in connection with Sandals' continuous and systematic trade and commerce in Florida, across the United States and worldwide.

61. Plaintiffs and the other members of the Child Tax Prohibition Subclass have sustained actual damages in the form of Sandals' deceptive tax scheme as a direct and proximate result of Sandals' unfair and unconscionable practices. Section 501.211(2), Florida Statutes, provides Plaintiff and the other members of the Child Tax Prohibition Subclass a private right of

action against Sandals and entitles them to recover their actual damages, plus attorneys' fees and costs.

62. Defendants are still utilizing many of the deceptive acts and practices described above. Plaintiff and the other members of the Child Tax Prohibition Subclass have suffered and will continue to suffer irreparable harm if Defendants continue to engage in such deceptive, unfair, and unreasonable practices. Section 501.211(1) entitles Plaintiff and the Child Tax Prohibition Subclass to obtain declaratory and injunctive relief to put an end to Defendants' unfair and deceptive scheme.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Minor Subclass, demand judgment against Sandals for compensatory damages, pre- and post-judgment interest, attorney's fees, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1–42 as though alleged originally herein and further alleges:

63. Sandals received certain monies from Plaintiffs and others similarly situated as a result of its uniform charging of a local government tax that was surreptitiously retained in whole or in part by Sandals.

64. The benefits conferred on Sandals by Plaintiffs and others similarly situated was non-gratuitous, and Sandals had knowledge of these benefits and voluntarily retained these benefits.

65. Sandals will be unjustly enriched if Sandals is allowed to retain such funds, and Plaintiffs and others similarly situated are entitled to the return of an amount equal to the amount they enriched Sandals.

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, demands judgment against Sandals for the amounts that Sandals retained from what Plaintiff and others similarly situated paid Sandals for the local government tax, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff accordingly respectfully requests that the Court enter its Orders and Judgment:

a. Certifying this action to be a proper class action maintainable pursuant to Rule 23(a) and Rule 23(b)(1), (2), or Rule 23(b)(3), Federal Rules of Civil Procedure,

    and appointing Plaintiff as representative of the Class(es), and appointing undersigned counsel as Class Counsel;

b. Enjoining Defendants from continuing the acts and practices challenged by the Plaintiff, including an order requiring Defendants to make full disclosure to consumers of the taxes they are collecting and remitting to the various governments, including the existence of any Tax Retention Agreements;

c. Awarding Plaintiff and the Classes damages, injunctive relief, declaratory relief, attorneys' fees, and costs under FDUTPA;

d. Restitution of all amounts paid by Plaintiff and members of the Classes, as a result of the wrongs alleged herein, in an amount to be determined at trial;

e. Awarding pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

f. Awarding Plaintiff and Class members costs and disbursements and reasonable allowances for the fees of Plaintiff and the Class Counsel and experts, and reimbursement of expenses;

g. Awarding such other relief as the Court deems just, equitable and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims so triable.

**Dated: June 13, 2019**

By  */s/Michael Winkleman*
Michael A. Winkleman
Florida Bar No. 36719
mwinkleman@lipcon.com
Jason R. Margulies
Florida Bar No. 57916
jmargulies@lipcon.com
Marc E. Weiner
Florida Bar No. 91699
mweiner@lipcon.com
Daniel W. Grammes
Florida Bar No. 1010507
dgrammes@lipcon.com
**LIPCON, MARGULIES,**
**ALSINA & WINKLEMAN, P.A.**
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

Adam Moskowitz, Esq.
Florida Bar No. 984280
adam@moskowitz-law.com
Howard M. Bushman, Esq.
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye, Esq.
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

*Attorneys for Plaintiff and the Classes*