UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22462-BLOOM/Louis

MICHAEL MCCOY, on his own behalf
and on behalf of all others similarly situated,

    Plaintiff,

v.

SANDALS RESORTS INTERNATIONAL,
LTD., d/b/a Sandals, and UNIQUE VACATIONS,
INC. d/b/a Unique Vacations.

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendants Sandals Resorts International, Ltd. ("SRI") and Unique Vacations, Inc.'s ("UVI") Motion to Stay Briefing on SRI's Motion to Dismiss, ECF No. [18], and Plaintiff Michael McCoy's Renewed Motion for Leave to Conduct Jurisdictional Discovery and to Stay Briefing on SRI's Motion to Dismiss, ECF No. [23]. The Court has reviewed the motions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, Defendants' Motion to Stay Briefing, ECF No. [18], is granted in part and Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery, ECF No. [23], is denied without prejudice.

Plaintiff filed this putative class action on June 13, 2019. ECF No. [1]. Plaintiff asserts two claims for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") and a claim for unjust enrichment against Defendants for allegedly charging guests at Sandals resorts throughout the Caribbean a local government "tax" that Defendants secretly retained. On July 8, 2019, both UVI and SRI filed separate motions to dismiss. UVI's motion asserts five independent

bases for dismissal. First, UVI argues that the Complaint should be dismissed under the doctrine of *forum non conveniens* because Plaintiff agreed to a binding forum selection clause requiring that he litigate this action in the Turks & Caicos Islands. UVI's motion also seeks dismissal for (1) failure to plead fraud-based claims with particularity; (2) lack of Article III standing; (3) failure to state a FDUTPA claim because the Complaint does not allege Florida misconduct or actual damages; and (4) failure to state an unjust enrichment claim because it is impermissibly duplicative of the FDUTPA claim and based on an express contract. ECF No. [14]. SRI's motion adopts each ground for dismissal asserted by UVI and also argues that the Court lacks both general jurisdiction and specific jurisdiction with respect to SRI and that the claims against SRI should be dismissed for insufficient service of process. ECF No. [15].

Turning to the instant motions before the Court, Defendants request that the Court stay briefing on SRI's Motion to Dismiss pending resolution of UVI's Motion to Dismiss. Defendants argue that staying briefing on SRI's Motion to Dismiss for Lack of Personal Jurisdiction until resolution of UVI's Motion to Dismiss on non-jurisdictional grounds is the approach best designed to promote efficiency and ensure that the discovery process does not unduly burden the parties. Plaintiff counters that the stay Defendants request is unwarranted because UVI's Motion to Dismiss, including its *forum non conveniens* arguments, lacks merit. Plaintiff requests instead that the Court allow Plaintiff to conduct jurisdictional discovery for 90 days before Plaintiff is required to respond to SRI's Motion to Dismiss. Plaintiff contends that it is entitled to limited jurisdictional discovery to establish personal jurisdiction over SRI.

Under appropriate conditions, a court should consider dismissal on *forum non conveniens* grounds without first determining whether personal jurisdiction is proper or, consequentially, requiring the parties to engage in related jurisdictional discovery. As the Supreme Court explained:

> If ... a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum "should impel the federal court to dispose of [those] issue[s] first." But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999)). This principle has been accepted and applied by the Eleventh Circuit. *See Vesuna v. CSCS Int'l N.V.*, 405 Fed.Appx. 371, 373 (11th Cir. 2010) (injured seaman had no right to discovery, prior to dismissal on *forum non conveniens* grounds). *See also Snee v. Sunrise Properties Ltd.*, 2009 WL 2163179, at *5 (S.D. Fla. July 17, 2009) (considering, and granting, motion to dismiss on *forum non conveniens* grounds before considering jurisdictional issues and therefore denying parties leave to engage in related discovery).

Here, the Court concludes that the less burdensome course is for the Court to first resolve Defendants' *forum non conveniens* arguments asserted in UVI's Motion to Dismiss and adopted by SRI in its Motion to Dismiss. At this stage, the Court is unpersuaded by Plaintiff's contention that the *forum non conveniens* arguments do not weigh heavily in favor of dismissal. Plaintiff states that "the forum selection clause UVI relies upon is limited to claims arising from 'personal injury, illness or death' and concerns conduct and events that occur *during the guests stay* at a resort." ECF No. [33] at 4. Subject to further briefing on the issue, the Court is unconvinced.

Additionally, the parties agree that no jurisdictional discovery is necessary to resolve UVI's Motion to Dismiss in its entirety. As such, in ruling on Defendants' *forum non conveniens* arguments the Court shall equally consider the four other grounds for dismissal raised in UVI's Motion to Dismiss and adopted by SRI (failure to plead fraud-based claims with

3

particularity, lack of Article III standing, failure to state a FDUTPA claim, and failure to state an unjust enrichment claim). Accordingly, briefing on the issues of personal jurisdiction and insufficient service of process raised in SRI's motion to dismiss shall be stayed pending a ruling on the five grounds for dismissal asserted in UVI's Motion to Dismiss and adopted by SRI.

Because the Court's ruling on UVI's Motion to Dismiss, and SRI's adoption of the arguments contained therein, may be dispositive and thereby obviate the need for a determination of personal jurisdiction as to SRI, Plaintiff's request to conduct jurisdictional discovery is denied without prejudice. Plaintiff may renew its request to conduct jurisdictional discovery at the appropriate time should its claims against SRI survive the Court's ruling on the portion of SRI's Motion to Dismiss which adopts each ground for dismissal asserted by UVI.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Stay Briefing on SRI's Motion to Dismiss, **ECF No. [18]**, is **GRANTED in part**.

2. Plaintiff's Renewed Motion for Leave to Conduct Jurisdictional Discovery and to Stay Briefing on SRI's Motion to Dismiss, **ECF No. [23]**, is **DENIED without prejudice**.

3. Plaintiff shall file a response to UVI's Motion to Dismiss, ECF No. [14], **by August 15, 2019**. *See* ECF No. [35]. Plaintiff shall also file by the same date a response to the portions of SRI's Motion to Dismiss, ECF No. [15], which adopts the five grounds for dismissal raised in UVI's Motion to Dismiss.

4. Defendants shall file their respective replies in support of their respective Motions to Dismiss in accordance with Local Rule 7.1(c)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 2, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record